UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LOREN CULVER,

    Plaintiff,

v.

THE UNITED STATES, et al.,

    Defendants.

CIVIL ACTION NO. 3:19cv00359

(CAPUTO, J.)
(SAPORITO, M.J.)

## MEMORANDUM

This is a fee-paid *pro se* medical malpractice action, brought against the United States and the Wilkes-Barre VA Medical Center[1] ("VAMC") pursuant to the Federal Tort Claims Act. The plaintiff appears to claim that bureaucratic delays in providing him with health care for various maladies constituted actionable negligence by the VAMC.

The fee-paid *pro se* complaint was filed on March 1, 2019. (Doc. 1.) That same day, a summons was issued by the Clerk to permit the *pro se* plaintiff to effect service of process on both of the named defendants in this action, the United States and the VAMC. (Doc. 3.) On March 12,

---

[1] The plaintiff identifies this defendant as "VAMC W.B. PA." in the caption of his complaint and as the "VAMC in Wilkes-Barre PA" in the body of his complaint.

2019, counsel representing the defendants filed a copy of a letter addressed to the plaintiff advising him that, although a copy of the complaint had been received by the United States Attorney's Office, service on the defendants had not yet been perfected because Rule 4(i) of the Federal Rules of Civil Procedure required additional copies to be delivered to the Attorney General of the United States and to the Department of Veterans Affairs. (Doc. 4.)

On June 5, 2019, we entered an order directing the plaintiff to show cause why the action should not be dismissed for failure to timely perfect service in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 5.) On June 11, 2019, the plaintiff filed proof of service with respect to the United States and the VAMC, documenting the mailing of copies of the summons and complaint to the Attorney General and the Department of Veterans Affairs. (Doc. 6.)

That same day, in addition to proof of service with respect to the named defendants, the United States and the VAMC, the *pro se* plaintiff also filed proof of service with respect to Lackawanna Valley Dermatology Associates, a medical practice with which he apparently had been treating under the auspices of a VA program. (Doc. 7.) The

plaintiff filed an affidavit by a state constable indicating that he had personally served the office manager of the Kingston, Pennsylvania, medical practice. (*Id.*) Lackawanna Valley Dermatology Associates was not named as a defendant in either the caption or the body of the plaintiff's original *pro se* complaint. (*See* Doc. 1.) It was referenced only as his dermatology care provider, with respect to which he "ha[d] received excellent Dermatology care since day one." (*Id.* ¶ 5.) Nevertheless, on June 11, 2019, apparently in response to the filing of this proof of service by the *pro se* plaintiff, the Clerk erroneously added Lackawanna Valley Dermatology Associates to the docket as a defendant.

On September 5, 2019, the plaintiff filed a handwritten document styled as a "motion for clerk's entry of default," which stated, in its entirety: "Defendants[] did not respond to summons. Proof[] of service on court docket." (Doc. 9.) Attached as exhibits were U.S. Postal Service tracking reports for copies of the summons and complaint mailed to the Attorney General and the Department of Veterans Affairs. (Doc. 9-1.) Later that same day, the Clerk entered default against the United States, the VAMC, and Lackawanna Valley Dermatology Associates. (Doc. 10.)

On September 16, 2019, the United States and VAMC filed a motion

to set aside the entry of default against them, together with a brief in support. (Doc. 12; Doc. 13.) The plaintiff has failed to file a brief in opposition to the motion, and thus he is deemed not to oppose the motion. *See* L.R. 7.6.

Pursuant to Local Rule 7.6, the plaintiff's failure to file a brief in opposition to this non-dispositive motion alone is sufficient basis to grant the motion to set aside default. *See Sabol v. Allstate Prop. & Cas. Ins. Co.*, 309 F.R.D. 282, 285 (M.D. Pa. 2015).

Moreover, we note that, under the federal rules, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). As noted by the defendants in their brief in support of the motion, the plaintiff has failed to allege or adduce evidence that he has satisfied the FTCA's jurisdictional requirement that a tort claim must first be presented to the appropriate federal agency for an administrative determination before a civil suit may be commenced. *See* 28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).

Finally, we note that the United States and VAMC have entered

their appearance through counsel and indicated their desire to contest this action. "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion and refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Lee v. Bhd. of Maint. of Way Emps.*, 139 F.R.D. 376, 381 (D. Minn. 1991); *accord Kocenko v. Buskirk*, 56 F.R.D. 14, 16 (E.D. Pa. 1972); *see also Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966) (trial on merits preferred to judgment by default).

Accordingly, we will grant the defendants' motion and set aside the Clerk's entry of default against the United States and the VAMC.

We further note that the Clerk's addition of Lackawanna Valley Dermatology Associates to the docket and its inclusion in the Entry of Default was in error. Because Lackawanna Valley Dermatology Associates was not named as a defendant, service of the summons and complaint on it was a nullity, and the plaintiff is not entitled to entry of default or default judgment against a non-party. *See Fuqua v. Brennan*, 645 Fed. App'x 519, 523 (7th Cir. 2016) ("[Plaintiff] is not entitled to [default] judgment against a non-party."); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996) ("[T]here is *no* proper

service when the person served is . . . not named a defendant.") (emphasis in original); *see also Price v. Cochran*, 66 Fed. App'x 781, 790 (10th Cir. 2003); *Gebard v. First Am. Bank*, No. 4:13-cv-00185-JEG-RAW, 2013 WL 12123754, at *2 (S.D. Iowa Nov. 14, 2013); *Pender v. Veterans Hosp. Facility No. 630*, No. 97 CIV.6917LAK HBP, 2000 WL 1201537, at *1 (S.D.N.Y. Aug. 22, 2000). Accordingly, we will quash the summons served on Lackawanna Valley Dermatology Associates, and we will vacate the Clerk's entry of default with respect to this non-party.

An appropriate order follows.

Dated: November 27, 2019

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge